UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICIA CABRERA

       Plaintiff,

v.   No. 15 CV 597

WAL-MART STORES EAST, L.P.,

       Defendant.

## DEFENDANT'S NOTICE OF REMOVAL

      Defendant Wal-Mart Stores East, L.P. ("Wal-Mart"), by and through its counsel, Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Megan T. Muirhead and Alana M. De Young), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file this Notice of Removal of this action from the Second Judicial District Court of the State of New Mexico, County of Bernalillo, to the United States District Court for the District of New Mexico.  As stated below, this Court has subject matter jurisdiction over this action because diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

      In support of this removal, Wal-Mart states as follows:

      1.      On May 5, 2015, Plaintiff Patricia Cabrera ("Plaintiff") filed a Complaint for Money Damages against Wal-Mart in the Second Judicial District Court, County of Bernalillo, State of New Mexico, titled <u>Patricia Cabrera v. Wal-Mart Stores East. L.P.</u>, Case No. D-202-CV-2015-03778. A true and correct copy of the Complaint, as well as all other documents filed in the Second Judicial District Court, is attached hereto as **Exhibit A**. Plaintiff served her Complaint upon Defendant Wal-Mart on May 28, 2015.

1

2.	Plaintiff's Complaint alleges she suffered injuries on or around May 23, 2014 resulting from her tripping on an alleged "raised transition strip or threshold on the floor" in a Wal-Mart store in Albuquerque, Bernalillo County, New Mexico. *See* **Exhibit A**, Complaint, at ¶ 6. The face of Plaintiff's complaint did not pray for a specific amount of damages.

3.	Defendant Wal-Mart served written discovery on Plaintiff on June 8, 2015, and filed its Answer to Plaintiff's Complaint on June 24, 2015.

4.	Wal-Mart received Plaintiff's answers and objections to its first set of written discovery on July 6, 2015. Therein, Plaintiff admitted in response to Request for Admission No. 1 she is seeking more than $75,000.00, exclusive of interests and costs, and damages in this lawsuit. See Plaintiff Patricia Cabrera's Answers and Objections to Defendant Wal-Mart's First Set of Interrogatories, Requests for Production and Requests for Admission to Patricia Cabrera, attached hereto in relevant part as **Exhibit B**, at p. 6. Furthermore, in her answer to Interrogatory No. 20, Plaintiff identified $38,986.61 as the total amount of medical damages she is claiming in this lawsuit. Id., at pp. 4-5.

5.	Accordingly, removal of this action is timely pursuant to 28 U.S.C. § 1441 and § 1446(b) as it is filed within 30 days after receipt by Wal-Mart of documentation from which it can be ascertained that this case is one that is removable. There are no other defendants in this action.

**I.	The Procedural Requirements For Removal Have Been Satisfied.**

6.	The United States District Court for the District of New Mexico is the Federal Judicial District encompassing the Second Judicial District Court for Bernalillo County, New Mexico, where this lawsuit was originally filed. Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

7. Copies of the Complaint, Summons, and all other pleadings filed in the Second Judicial District Court are attached hereto as **Exhibit A**.

8. A copy of this Notice of Removal is being served on counsel for Plaintiff and filed with the Clerk of the Second Judicial District Court for Bernalillo County, New Mexico, as provided by 28 U.S.C. § 1446(d).

9. Consent of all Defendants who have been served is required to properly effectuate removal. *See* 28 U.S.C. §1446(b)(2)(A) (providing that "all defendants who have been properly joined and served must join in or consent to the removal of the action"). The only Defendant named and served in this case is Wal-Mart. Thus, the consent of another Defendant is unnecessary for removal.

10. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

11. Under the applicable provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1446(b) and other applicable statutes, all of which Wal-Mart has complied with, this cause of action is removable to the United States District Court for the District of New Mexico.

**II.     This Court Has Subject Matter Jurisdiction Under 28 U.S.C. § 1332.**

12. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, which provides for original jurisdiction over lawsuits where there is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000. See 28 U.S.C. § 1332(a); Johnson v. Rodrigues, 226 F.3d 1103, 1107 (10th Cir. 2000); Symes v. Harris, 472 F.3d 754 (10th Cir. 2006).

   **A.     Complete Diversity of Citizenship Exists.**

13. Diversity jurisdiction is determined "based on the facts as they existed at the time the complaint was filed." Ravenswood Inv. Co. v. Avalon Corr. Servs., 651 F.3d 1219, 1223

(10th Cir. 2011) (cited authority omitted). Under 28 U.S.C. § 1332, "[d]iversity for purposes of jurisdiction of federal court means total diversity, that is, all parties on one side must have citizenship diverse to those on the other side." Knoll v. Knoll, 350 F.2d 407 (10th Cir. 1965).

14. Upon information and belief, Plaintiff is, and was at the time this suit was filed, a citizen of the state of New Mexico. **Exhibit A**, Complaint, at ¶ 1.

15. Wal-Mart Stores East, L.P., is and was at the time Plaintiff commenced this action, a limited partnership organized under the laws of the State of Delaware with its principal place of business in Arkansas. For the purposes of determining diversity, Wal-Mart is a citizen of the State of Arkansas and the State of Delaware. 28 U.S.C. § 1332(c)(1) (stating "a corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]").

16. There is complete diversity of citizenship between the Plaintiff and the Defendant as required by 28 U.S.C § 1332.

**B.     The Amount in Controversy Exceeds $75,000.**

17. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

18. Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying matter. See, e.g., Laughlin v. K-Mart Corp., 50 F.3d 871, 873 (10th Cir. 1995); McPhail v. Deere & Co., 529 F.3d 947, 953 (10th Cir. 2008).

19. Here, the face of Plaintiff's complaint did not pray for a specific amount of damages. Rather, Plaintiff's claims damages for personal injuries. Plaintiff, however, not only

4

admitted she is seeking more than $75,000, but stated her medical expenses in this case total nearly $40,000. See **Exhibit B**., at pp. 4-6. "It is common in personal injury cases to settle on the basis of three times the medical expenses." Aranda v. Foamex Int'l, 884 F. Supp. 2d 1186, 1207 (D.N.M. 2012). Three times Plaintiff's alleged medical expenses would be approximately $120,000, and thus the amount in controversy requirement is satisfied.

20.     Although three times the alleged medical expenses alone exceeds $75,000, Plaintiff also alleges particular damages and injuries suffered, including a closed fracture of her patella, which required surgery and physical therapy, and allegedly has caused pain and suffering, trauma, anxiety, depression, nightmares, stiffness, loss of strength, and permanent impairment and will require future medical expenses. See **Exhibit B**, at pp. 2-3 **Exhibit A**, Complaint, at ¶ 13 and wherefore clause. The total damages alleged by Plaintiff in her responses to written discovery, therefore, put the amount in controversy well above $75,000. See Aranda, 884 F. Supp. 2d at 1207.

21.     While Wal-Mart disputes Plaintiff's claims raised in her Complaint, by her own admission and sworn answers to interrogatories, the amount in controversy requirement of 28 U.S.C § 1332(a) is satisfied, and this case is appropriate for removal.

### III.    Conclusion.

22.     Defendant has satisfied all other requirements for removal and reserves the right to amend this Notice of Removal.  If any questions of the propriety of this removal should arise, Defendant requests the opportunity to present a brief and argument in support of this removal.

WHEREFORE, Defendant respectfully requests that this Court assume full jurisdiction over the action as provided by law.

        MODRALL, SPERLING, ROEHL, HARRIS
          & SISK, P.A.

By: */s/ Alana M. De Young*
    Megan T. Muirhead
    Alana M. De Young
    Post Office Box 2168
    Bank of America Centre, Suite 1000
    500 Fourth Street, N.W.
    Albuquerque, New Mexico  87103-2168
    Telephone: (505) 848-1800
    mmuirhead@modrall.com
    amd@modrall.com

*Attorneys for Defendant Wal-Mart Stores East, L.P.*

WE HEREBY CERTIFY that on the 9th day of July, 2015, we filed the foregoing electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

Thomas M. Allison
Whitener Law Firm, P.A.
4110 Cutler Avenue N.E.
Albuquerque, New Mexico 87110
tm5052002@yahoo.com

*Attorney for Plaintiff*

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: */s/ Alana M. De Young*
    Alana M. De Young

W2456138.DOCX