IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICIA CABRERA,
        Plaintiff,

v.                                  No.  15 CV 597 SCY

WAL-MART STORES EAST, L.P.,
        Defendant.

## ORDER DENYING PLAINTIFF'S MOTION IN LIMINE

This is a personal injury case stemming from a May 23, 2014 incident in which Plaintiff fell while exiting a Wal-Mart store in Albuquerque, New Mexico. Plaintiff claims that she sustained severe injuries when she tripped on a transition strip between two different types of tile that was in a state of disrepair. In her present motion, Plaintiff asks the Court to exclude from trial a Wal-Mart store surveillance video of her fall. Doc. 65.  The Court finds that the video is relevant and so denies Plaintiff's motion.  Before the video is admitted, however, Defendant must provide a proper foundation and the Court's ruling today does not preclude Plaintiff from raising at the time of trial any foundation objections she might have.

In support of her motion, Plaintiff first argues the video is incomplete because it does not show the transition strip which she alleges caused her to fall.  Therefore, she continues, pursuant to Federal Rule of Evidence 403, its probative value is outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. Doc. 65, pp. 1-2. Defendant responds that its expert will testify that the video is in fact a complete depiction of the fall, making it highly relevant to the issue of what caused Plaintiff's fall.  Defendant therefore counters that its admission does not violate Rule 403. Doc. 78, pp. 2-3.

Under Federal Rule of Evidence 401, relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence," where that "fact is of consequence in determining the action." However, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court has broad discretion in weighing evidence under Rule 403's balancing test, but exclusion of otherwise admissible, relevant evidence remains "an extraordinary remedy and should be used sparingly." *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) (internal quotation marks and citation omitted). Accordingly, "the court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2000) (internal quotation marks and citation omitted).

In this case, the cause of Plaintiff's fall is certainly of consequence in proving her action for negligence against Defendant. *See* Doc. 60, p. 10 (explaining that breach and causation are in dispute in this case).  A video depicting the actual incident from which this litigation arises is highly probative evidence of what happened. Further, although Plaintiff maintains that the video does not show the entire fall, Defendant's expert has opined that the video provides evidence that Plaintiff fell after crossing the transition strip. *See* Doc. 78, p. 3. Plaintiff does not contend that the video is an inaccurate representation of her fall, nor has Plaintiff articulated exactly how the admission of the video would unfairly prejudice her or confuse or mislead the jury. Accordingly, the Court concludes that admission of the video would not violate Rule 403 because it is highly probative and there does not appear to be a significant risk of unfair prejudice, confusing the issues, or misleading the jury.

Plaintiff also argues that the substance of the video is hearsay and there is no witness to cross-examine regarding the videotape. Doc. 65, p. 2. Hearsay is defined as a statement made outside the current trial or hearing which is offered into evidence "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). A statement is "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a). Hearsay is not admissible at trial, subject to exceptions listed in the Federal Rules of Evidence. *See* Fed. R. Evid. 802-804, 807. Plaintiff has not explained how exactly the video fits within the definition of hearsay. There is no indication that the video contains a statement or assertion by any person, whether verbal or through non-verbal conduct. Thus, the Court cannot conclude that it is inadmissible under Rule 802.

Finally, Plaintiff argues that the video is inadmissible because there is no video technician or camera operator who can lay a proper foundation about how the video may have been clipped or edited. Doc. 65, p. 2. Defendant represents that Adelita Trujillo, who observed the fall in person, can authenticate the video by testifying that the video is a fair and accurate representation of the events at issue. Doc. 78, pp. 6-9. In addition, Defendant has indicated that it is prepared to call the asset protection employee who secured the video who can testify to the authenticity of the video and the foundation regarding possible editing. The Court, of course, cannot determine whether a sufficient foundation for the admissibility of the video exists until that foundation is offered. Similarly, it would be premature to exclude the video based on Plaintiff's prediction that Defendant will not be able to lay a sufficient foundation for its admissibility. Accordingly, the Court concludes that Plaintiff has failed to establish that the admission of the video would violate the rules she cited in her motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion in Limine to Exclude a Videotape of Her Fall and Testimony Regarding Plaintiff's Fall Which is Based on the Videotape (Doc. 65) is DENIED.  This ruling, however, does not preclude Plaintiff from raising at the time of trial any foundation objections she might have.

_____
**UNITED STATES MAGISTRATE JUDGE**